## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

---

REBECCA WOODS,

**Plaintiff,**

                                   **CIVIL ACTION**
**v.**                                **No.** 5:19-cv-760 (LEK/TWD)

COUNTY OF ONONDAGA,

                                   **JURY DEMAND**

**Defendants.**

---

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This is a civil rights action brought under 42 U.S.C. Section 1983 and raising supplemental state-law claims concerning the actions of defendant County of Onondaga via its Onondaga County District Attorney's office and Onondaga County Department of Social Services via their assistant district attorney and its case worker, and/or case investigator, respectively, maliciously prosecuting against plaintiff charges for the lawful discipline of her son, and making indicated finding against the preponderance of evidence an under the color of title as employees of the municipality.

2.    The actions and conduct of the defendant's the assistant district attorneys, and the caseworkers/case investigators are the result of a policy, practice, custom and deliberate indifference on the part of Defendant(s) County of Onondaga.

3.    A Notice of claim was served. More than 30 days have elapsed since the service of the Notice of Claim action commenced within one (1) year and ninety (90) days after the cause of action.

## JURISDICTION

4.    This Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1331, 1343(a)(3), 1343(a)(4), and 1367(a), U.S. Constitution 4th Amendment, U.S. Constitution 5th Amendment, U.S. Constitution 6th, U.S. Constitution 14th Amendment, and New York common law Malicious Prosecution, False Arrest and False Imprisonment.

## PARTIES

5.     Plaintiff, Rebecca Woods, who is over 40 years of age,  a female, African-American citizen of the United States, was at all times relevant to this Complaint a resident of the City of Syracuse, County of Onondaga, and State of New York. Plaintiff operated a New York State  licensed daycare, and upon information and belief, provided daycare to individuals who received county funding, as well as, provided foster care services for individuals identified by the County.  Plaintiff's daycare licensing was suspended and revoked as a result of the actions of Defendant.

6.     Defendant County of Onondaga is a municipality in the State of New York and owns, operates, manages, directs and controls the Onondaga County District Attorney's office, which employs Assistant District Attorneys, as well as, owns, operates, manages, directs and controls  the Onondaga County Department of Social Services which employees caseworkers, case investigators, and other personnel who process complaints of child abuse.

7.     At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were joint and severally responsible for the harms caused to plaintiff.

8.     At all times relevant to this Complaint, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

9.     On or about April 5, 2017, she was physically threatened and spat upon by her adoptive son (teenager) who suffers from psychiatric issues.  Upon information and belief, this young man is over six (6) feet tall, and when he became seemingly violent she attempted to ward him off using the closest item (i.e., broom) and brandishing it.

10.    Upon information and belief, Plaintiff used the item to bar the young man from continuing to physically attacking her. Finally, plaintiff's son backed off, and stormed from the house. Any force she used was appropriate to the situation and in protection of her life under New York Penal Law Section 35.10(1).

11.    Later plaintiff was arrested and charged with Assault with a Weapon under New York Penal Law Section 120.05(02), Criminal Possession of a Weapon 4th Degree pursuant to New York Penal Law Section 265.10(2), and Endangering the Welfare of a Child under Penal Law Section 260.10(01).

12.    On or about December 13, 2017, all criminal charges against the plaintiff were dismissed. The dismissal was in the face of the District Attorney's office persistence to prosecute in spite of receiving information on the plaintiff son's psychiatric issues, and other equities.

13.    The plaintiff was placed on the New York State Central Registry with an indicated report of child maltreatment after the false complaint of the alleged child abuse, and the inadequate investigation by the Onondaga County Department of Social Services.

14.    The plaintiff timely requested a hearing to challenge the registry designation.  On or about May 1, 2018, I was notified by the Bureau of Special Hearings that as to the child who was the subject of the criminal charges,  the record or report for SCR Case ID#26663828 was being amended from "indicated" to "unfounded" and sealed.

15.    At some point, it came to the attention of the plaintiff that another case as "indicated" (SCR Case Id# 26664439) was on the New York Central Registry as the result of the criminal charges brought against the plaintiff and pursued by the Onondaga County District Attorney's office from April 2017.

16.    The plaintiff timely requested a hearing to object to this indicated report as well. Similarly, the Onondaga County Children and Family Services agency failed to establish by a preponderance of the evidence any maltreatment of a child.  On or about April 2019, the Bureau of Special Hearings notified the Plaintiff of its decision that any such report would be sealed, and amended to "unfounded" with no disclosure to provider and licensing agencies.

17.    Upon information and belief, black daycare providers are more often than their white or non-black counterparts assailed by allegations of child maltreatment due to their work as daycare providers, or where situations from their personal life are used as a basis to deny, suspend, rescind, and/or revoke their licensing in situations where their other non-black counterparts are not similarly treated by the Defendant and its agents.

18.    Upon information and belief, the initial complaint was made by the biological mother who lost custody and had her parental rights terminated years earlier, and such complaint was retaliatory and defendants took little or no efforts to ascertain the veracity of the complaint.

19.    Upon information and belief, the plaintiff's household was negatively impacted by defendant's actions including the impact upon her adoptive child, his emotional well-being, and him thrown back into the foster care system until he was returned months and months later to her home.

20.    There was no legal cause to justify the inappropriate finding of child maltreatment and/or maintenance and prosecution of criminal charges against the plaintiff.

21.    At all times relevant to this complaint the conduct of defendant's Onondaga County District Attorney's office and the Onondaga County Department of Social Services was willful and with callous disregard, and malice of plaintiff's rights under federal and state law.

22.    As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer psychological harm, and financial losses.

## AS AND FOR A FIRST CAUSE OF ACTION
## (FOURTH AMENDMENT VIOLATION)

23.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs previously set forth.

24.    Upon information and belief, the Defendant County of Onondaga unlawfully charged the plaintiff with crimes based upon information known to be lawful use of discipline under New York Penal Law Section 35.10(1), and/or in her self-defense and continued to prosecute such false crimes.

25.    The policies and conduct of the defendants violated her rights to be free of unreasonable searches and seizures, and in her privacy in violation of the Fourth Amendment to the United States Constitution, and such provision applies to the states through the Fourteenth Amendment.

26.    As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including loss of gainful employment and damage to her reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney(s)' fees, costs and disbursements.

27.    The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (FOURTEENTH AMENDMENT VIOLATION)

28.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs previously set forth.

29.    The policies and intentional conduct of the defendants in furtherance of denial of plaintiff's right to be free from unlawful arrest, malicious prosecution, and invasion of her right to privacy to deprive the plaintiff of her right to equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

30.    The violations of plaintiff's constitutional rights under the Fourteenth Amendments to the United States Constitution , plaintiff's damages and the conduct of the individual

defendants were directly and proximately caused by the actions and/or inactions of the County of Onondaga which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Appropriate investigation techniques in child welfare situations;

b. Legal cause to stop, detain, arrest and criminally charge a citizen;

c. The proper exercise of civil investigation powers, including but not limited to the investigation of complaints of maltreatment, and the need to follow constitutional principles when dealing with families to protect them from political violence; charges;

d. The monitoring of case workers and/or case investigators whom it knew or should have known have known were suffering from emotional and/or psychological problems that impaired their ability to function as case workers;

e. The failure to identify and take remedial or disciplinary action against case workers and case investigators who were the subject of prior civilian or internal complaints of misconduct;

f. Child case workers and investigators use of their status as case workers to employ the use of unnecessary family intrusions or to achieve ends not reasonably related to their child case worker duties;

g. The failure of case workers to follow established policies, procedures, directives, and instructions regarding child investigations, child interviews, and the institution of the "indicated, and/or "founded" status for reports under such circumstance as presented by this case;

h. The practice among Onondaga County district attorneys to seek to indict, maintain prosecution against citizens without cause or to withhold Brady material whom the district attorneys have subjected those unlawfully charged and forced to defend false charges with the intention of precluding such individuals from instituting civil claims, and the failure to train, discipline or supervise such practices;

31. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff's constitutional rights have been violated, he has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

32. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(MALICIOUS PROSECUTION)**

5

33.    The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions.  Accordingly, plaintiff is entitled to an award of punitive damages.

34.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

35.    The conduct of all Defendants constituted malicious prosecution because brought knowingly false charges, participated with use of information gained from improper interview techniques by agents of the Onondaga County Department of Social Services, continued to pursue a prosecutorial case against plaintiff in spite of a exculpatory defense, and/or appropriate and lawful conduct of the plaintiff without any basis in law or fact and without sufficient factual information.

36.    As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the   plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation     and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional    monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (DEFAMATION )

37.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraph previously set forth.

38.    That plaintiff was falsely and wrongfully accused of  crimes she did not commit, that said publication of was made when her arrest and charge information was put into the police blotter and reviewable by the general public within hours/days of her arrest between the periods of April 5, 2017 and April 20, 2017, and again when the indicated reports were submitted to the New York State Central Registry, and accessed by the New York State Office of Children and Family Services to deny her licensing within weeks of her arrest and charging, and that said Central Registry publication was continuous and provided to third party employers who did background checks on the plaintiff, and as a result she lost her daycare business, and was refused jobs.

39.    As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the   plaintiff has incurred economic damage including loss of gainful employment and damage to his reputation and still suffers psychological injury all to plaintiff's damage in an amount which exceeds the jurisdictional    monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorney's fees, costs and disbursements.

6

**WHEREFORE,** Plaintiff respectfully requests:

1. Renew and/or grant plaintiff licensing to open a daycare,  plus award of retroactive pay, seniority status, and all other benefits attendant to the position as if she had never been deprived of her constitutional rights;

2. Enjoining defendants from taking any further unconstitutional actions against plaintiff including the failure to renew her eligibility to do foster care placements;

3. Awarding the full amount of compensatory damages as can be proved at trial against all defendants jointly and severally;

4. Awarding the full amount of punitive damages as the jury determines to be appropriate;

5. Awarding reasonable attorney's fees, costs and disbursements; and

6. Granting such other and further relief as to the Court seems just and proper.

Dated: _6-26-2019_

Yours, etc.,

K. Felicia Davis, Esq.,
Attorney for the Plaintiff
Bar Roll # 510186
499 S. Warren Street, Suite 614
Syracuse, New York  13202
(315) 383-6388