**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

REBECCA WOODS,

                        Plaintiff,

v.

                                                    5:19-cv-760 (BKS/TWD)

COUNTY OF ONONDAGA,

                        Defendant.

_____

**Appearances:**

_Plaintiff, pro se_:
Rebecca Woods
Syracuse, NY 13204

_For Defendant:_
John E. Heisler, Jr.
Chief Deputy County Attorney
Onondaga County Dept. of Law
John H. Mulroy Civic Center
421 Montgomery St., 10th Fl.
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

       Plaintiff pro se Rebecca Woods brought this action against the County of Onondaga

asserting claims under 42 U.S.C. § 1983 and state law arising out of her arrest and charges filed

in April 2017. (Dkt. No. 1). On November 22, 2021, the Court issued an Order to Show Cause

directing Plaintiff to file a response as to whether good cause exists to dismiss this action for

failure to prosecute and failure to comply with Court orders. (Dkt. No. 41). Plaintiff did not

respond to this Order. For the reasons set forth below, this action is dismissed under Rule 41(b)

of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with Court orders.

## II.    PROCEDURAL HISTORY[1]

Plaintiff's original counsel in this matter requested to be relieved of representation on December 31, 2020, and submitted a status report to the Court identifying Plaintiff's current mailing address on January 8, 2021. (Dkt. Nos. 26, 29). On January 13, 2021, the Magistrate Judge directed that Plaintiff's counsel be terminated from the docket and noted that Plaintiff "shall be deemed appearing pro se at the present time." (Dkt. No. 30). Plaintiff was ordered to notify the Court by February 12, 2021 of her new counsel. (*Id.*). The Court's text order stated that "Plaintiff's failure to so notify the Court may result in sanctions including but not limited to dismissal of the action for failure to prosecute and failure to follow court orders and directives." (*Id.*). On February 17, 2021, the Court had not received any communication from Plaintiff. (Dkt. No. 32). Plaintiff was given "a final opportunity to obtain new counsel or pursue the matter pro se," and directed to notify the Court of new counsel or file a statement indicating that she would continue prosecuting the matter pro se by March 12, 2021. (*Id.*). The Court again noted that failure to so notify the Court could result in sanctions "including but not limited to dismissal of the action for failure to prosecute and failure to follow Court orders and directives." (*Id.*). Plaintiff did not respond, and the Court therefore presumed that she would proceed pro se. (Dkt. No. 33).

On October 22, 2021, after this case was assigned to the undersigned, the Court scheduled a telephone conference for November 12, 2021, and warned Plaintiff that her failure to

---

[1] The Court assumes familiarity with the facts and procedural history set forth in the Court's November 22, 2021 Order to Show Cause and therefore does not repeat them all here. (Dkt. No. 41).

call into the conference "may result in the imposition of sanctions, including dismissal of her action with prejudice." (Dkt. No. 39). A copy of this notice was sent to Plaintiff by regular and certified mail; the certified mail receipt was returned to the Court unsigned by Plaintiff. (Dkt. Nos. 39, 40). Plaintiff failed to call into the conference. Counsel for Defendant appeared at the telephone conference on November 12, 2021, and recounted sending letters to Plaintiff on four different occasions between August and October 2021, asking her to call him to discuss the case. He received no response from Plaintiff, although his letters were not returned as undeliverable.

On November 22, 2021, the Court issued an Order to Show Cause directing Plaintiff to file a response as to whether this action should be dismissed for failure to prosecute and failure to follow court orders under N.D.N.Y. L.R. 41.2(a) and Fed. R. Civ. P. 41(b). (Dkt. No. 33, at 2) (citing *Horton v. City of N.Y.*, 636 F. App'x 822, 823 (2d Cir. 2016) ("[A]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)); and then citing *Colozzi v. St. Joseph's Hosp. Ctr.*, No. 08-cv-1220, 2010 WL 3433997, at *2, 2010 U.S. Dist. LEXIS 88685, at *4–5 (N.D.N.Y. July 20, 2010) ("[A] party to an action pending in a federal district court . . . is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences . . . The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief."), *report-recommendation adopted*, 2010 WL 3464155, 2010 U.S. Dist. LEXIS 88736 (N.D.N.Y. Aug. 27, 2010)). The Order directed Plaintiff respond by December 13, 2021, and warned that failure to do so would result in dismissal of this action. (Dkt. No. 41, at 4). The Order was sent to Plaintiff

via regular and certified mail at her last known address, and the copies were not returned to the

Court as undeliverable. (*See* Dkt. No. 41). Plaintiff did not respond to the Court's Order to Show

Cause, and has not communicated with the Court since her former counsel provided the Court

with her mailing address on January 8, 2021. (Dkt. No. 29).

## III.   DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to

prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may

dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing
> undue delays and avoiding docket congestion. But it is also one of
> the harshest sanctions at a trial court's disposal, since it usually
> extinguishes the plaintiff's cause of action and denies plaintiff his
> day in court. As a result, it is reserved for use only in the most
> extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation

omitted). The Second Circuit has further stated that courts "should be especially hesitant to

dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State

Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84

F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted).

When determining whether dismissal under Rule 41(b) of the Federal Rules of Civil

Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of
> significant duration; (2) plaintiff was given notice that further delay
> would result in dismissal; (3) defendant was likely to be prejudiced
> by further delay; (4) the need to alleviate court calendar congestion
> was carefully balanced against plaintiff's right to an opportunity for
> a day in court; and (5) the trial court adequately assessed the efficacy
> of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal under Rule 41(b) is warranted under the circumstances of this case. First, Plaintiff has not communicated with the Court in almost a year, despite Court orders, resulting in delay of this action. Second, Plaintiff was given notice that failure to prosecute or comply with Court orders could result in dismissal of this case on several occasions. (Dkt. Nos. 30, 32, 39, 41). Third, Defendants would likely be prejudiced by Plaintiff's failure to prosecute this action and comply with Court orders, delaying discovery and trial indefinitely. Fourth, while the Court is mindful of Plaintiff's right to be heard, because she has failed to file a response to the Court's Order to Show Cause, (Dkt. No. 41), and has made no contact with the Court in almost a year, despite the Court's directives, (Dkt. Nos. 30, 32, 39, 41), the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. Fifth, where, as here, Plaintiff has made no indication that she intends to pursue this action, and has repeatedly failed to comply with Court orders, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, as well as Plaintiff's status as a pro se litigant, the Court finds that dismissal is warranted.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for

failure to prosecute and failure to comply with Court orders; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-

Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated:  <u>December 15, 2021</u>
Syracuse, New York

Brenda K. Sannes
U.S. District Judge